UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CONRAD R. ENGWEILER, | Case No. 6:19-cv-00132-MC |
| Petitioner, | OPINION AND ORDER |
| v. | |
| SID THOMPSON, Chairperson, Oregon Board of Parole and Post-Prison; STEVE BROWER, Deschutes County Adult Parole and Probation, | |
| Respondents. | |

MCSHANE, District Judge:

Petitioner brings this federal habeas action pursuant to 28 U.S.C. § 2254 and challenges an order of the Oregon Board of Parole and Post-Prison Supervision (the Board) releasing him to parole rather than to post-prison supervision. Petitioner maintains that releasing him to parole violates his Fourteenth Amendment rights to equal protection, because similarly situated offenders are released to post-prison supervision. Petitioner's claim fails on the merits, and the Petition is DENIED.

1   - OPINION AND ORDER

## I.  BACKGROUND

In 1990, when he was fifteen years old, petitioner committed the crime of Aggravated Murder. He was tried and convicted as an adult and eventually sentenced to an indeterminate life term of imprisonment with a life term of post-prison supervision. At that time, the Board established the duration of imprisonment and the release date for juvenile offenders with indeterminate life sentences. *See State ex rel. Engweiler v. Felton*, 350 Or. 592, 607, 260 P.3d 448 (2011). The Board established a 480-month term of imprisonment but did not set a parole release date. After bringing suit in federal and state court, petitioner and similarly situated juvenile offenders were deemed eligible to seek their release on parole. *See Engweiler v. Bd. of Parole & Post-Prison Supervision*, 343 Or. 536, 545, 175 P.3d 408 (2007).

Petitioner eventually brought a successful mandamus action in state court compelling the Board to conduct a parole hearing and to set a release date. *Id.* at 595, 628. The Oregon Supreme Court agreed with petitioner's argument that Oregon statutes "imposed on the board a legal duty to conduct a parole hearing immediately for Engweiler and to set an initial release date for him or explain why it chooses not to do so." *Id.* at 630. In accordance with the decision in *Felton*, the Board held a hearing and set petitioner's initial parole release date for February 2018.

Petitioner then filed a petition with the Oregon Supreme Court and sought his immediate release on grounds that earned-time credits to which he was entitled resulted in an adjusted release date that had already passed. *Engweiler v. Persson*, 354 Or. 549, 554, 316 P.3d 264 (2013). Petitioner argued that the Board could release him without conducting a prerelease hearing, because the "judgment in his case" had imposed a term of post-prison supervision and "no exit interview is required before release to post-prison supervision." *Id.* at 566.

While the Oregon Supreme Court agreed that petitioner was "entitled to have his term of incarceration reduced by earned-time credits," it rejected petitioner's argument that he could be immediately released to post-prison supervision. The Court declared, "This court has repeatedly stated that plaintiff's entitlement, if any, to eventual release will be to parole." *Id.* Accordingly, the Court held that the Board was "was authorized to 'schedule' plaintiff's release for a future date and to conduct a prerelease hearing." *Id.* at 567.

The Board conducted a prerelease hearing and on September 2, 2014, it ordered that petitioner "be released onto parole for life." Resp't Ex. 103 at 538.

Petitioner sought administrative review and argued that the Board erred by releasing him to parole instead of to post-prison supervision. Resp't Ex. 103 at 540-41. The Board rejected petitioner's claims, noting that the Oregon Supreme Court had rejected the same argument in *Persson*. Resp't Ex.103 at 544-545.

Petitioner then sought judicial review of the Board's order. The Oregon Court of Appeals affirmed the Board's decision on grounds that "the Supreme Court has made clear that petitioner's release was to be to parole." *Engweiler v. Bd. of Parole & Post-Prison Supervision*, 291 Or. App. 355, 356, 421 P.3d 424 (2018). Petitioner sought review from the Oregon Supreme Court, and review was denied. 363 Or. 599, 427 P.3d 186 (2018).

On January 28, 2019, petitioner filed this federal habeas action.

## DISCUSSION

In his Second Amended Petition, petitioner asserts that his release to parole violates his rights to equal protection, because similarly situated offenders are released to the less-onerous conditions of post-prison supervision. Respondents argue that the Petition should be denied because petitioner's claims are not cognizable in a habeas action and are procedurally defaulted.

3    - OPINION AND ORDER

Respondents maintain that petitioner's claim is improperly raised in a habeas petition, because petitioner is subject to lifetime supervision whether on parole or post-prison supervision, and habeas relief would not result in his earlier release from custody. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (because the petitioner's claims "would not necessarily lead to his immediate or earlier release," they did not fall within "the core of habeas corpus"). Respondents also argue that petitioner did not fairly present his equal protection claim to the Oregon Supreme Court when he merely referenced the Equal Protection Clause in passing and did not assert a federal question for review. Resp't Ex. 109 at 18; *see Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) ("To fairly present a federal claim, a state prisoner must present to the state courts both the operative facts and the federal legal theories that animate the claim.").

Regardless of these issues, petitioner fails to show entitlement to habeas relief. *See* 28 U.S.C § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").[1] The Oregon Court of Appeals upheld the Board's ruling on grounds that binding Oregon precedent mandated petitioner's release to parole, and I agree that this decision is entitled to deference. *See* 28 U.S.C. § 2254(d).

The crux of petitioner's claim is that the Board treated him more harshly than adult offenders who committed aggravated murder. It is well established that a state cannot discriminate against a non-suspect class of persons, or treat an individual differently from those similarly situated, without a rational basis for doing so. *Engquist v. Or. Dep't of Ag.*, 553 U.S. 591, 602 (2008) ("When those who appear similarly situated are nevertheless treated differently,

---

[1] Even if petitioner's claim is not cognizable on habeas review and should be raised as a claim for injunctive relief under 42 U.S.C. § 1983, he cannot show a violation of his rights to equal protection.

the Equal Protection Clause requires at least a rational reason for the difference"); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 86 (2000) (explaining that states may "draw lines on the basis of age when they have a rational basis for doing so at a class-based level"); *McGinnis v. Royster,* 410 U.S. 263, 269-70 (1973) (stating that "legislative classifications and groupings" established to determine parole eligibility "require only some rational basis to sustain them").

Petitioner contends that the Oregon Court of Appeals cited no rational basis for releasing juvenile aggravated murder offenders, like him, to parole when adult offenders who committed the same offense after 1989 are released to post-prison supervision. Petitioner's argument rests on the fact that he committed his offense after 1989, when Oregon's sentencing guidelines became operative and post-prison supervision effectively replaced paroled. *Engweiler v. Bd. of Parole & Post-Prison Supervision*, 343 Or. 536, 540, 175 P.3d 408 (2007).

> Before that change, Oregon had used a "parole matrix system" for determining the actual length of an offender's incarceration. Under the matrix system, for any particular offender, the trial court imposed an indeterminate sentence of a specified maximum duration, and the board determined the actual duration of imprisonment by its parole release decision. In contrast, under the sentencing guidelines system that came into force in 1989, trial courts are charged with imposing a determinate sentence for most felony convictions.…The inmate then serves the sentence that the trial court imposes, without eligibility for release on parole. *The sentencing guidelines system thus eliminated any kind of release on parole for persons subject to its provisions.*

*Id.* at 540-41 (citations omitted) (emphasis added). Instead of parole, the sentencing guidelines provide for a fixed period of post-prison supervision after completion of a determinate prison sentence. *Baty v. Slater*, 161 Or. App. 653, 656, 984 P.2d 342, 344 (1999), *adhered to on reconsideration*, 164 Or. App. 779, 995 P.2d 1176 (2000). Petitioner maintains that because he committed his offense after 1989 and his judgment "correctly" imposed post-prison supervision, the Board was required to release him to post-prison supervision.

Petitioner's argument has a fatal flaw: he was not sentenced to a determinate sentence pursuant to the Oregon sentencing guidelines.

Upon his conviction for aggravated murder, petitioner was sentenced to a life term of imprisonment with a mandatory minimum sentence of thirty years, pursuant to Or. Rev. Stat. § 163.105(1)(c) (1989). *Felton*, 350 Or. at 597. After petitioner appealed, the Oregon Court of Appeals reversed and remanded for resentencing, because Oregon law prohibited the imposition of mandatory minimum sentences for juveniles who were under the age of seventeen when they committed their offenses. *State v. Engweiler*, 118 Or. App. 132, 136, 846 P.2d 1163 *rev. den.*, 317 Or. 486, 858 P.2d 876 (1993) ("A mandatory sentence for aggravated murder cannot be imposed on a remanded juvenile who was under the age of 17 at the time of the offense.").

As a result of that ruling, "the only sentencing option available to the sentencing court in petitioner's case was life imprisonment with the possibility of release or parole," i.e., an indeterminate life sentence. *State ex rel. Engweiler v. Cook*, 340 Or. 373, 383, 133 P.3d 904 (2006). "Having been sentenced to an indeterminate life sentence for a felony committed after November 1, 1989, *petitioner was and is in the same position as an inmate sentenced before the adoption of the guidelines*." *Id.* (emphasis added).

Petitioner was not alone; rather, he was part of "a small class of inmates who continued to receive indeterminate sentences [after 1989] – those inmates who, like petitioner, committed aggravated murder but who were juveniles at the time of their crimes." *Id.* at 381. Consequently, because they were in the same position as pre-guidelines offenders, petitioner and the "small class" of similarly situated juvenile offenders were allowed to seek release on parole. *Engweiler v. Bd. of Parole*, 343 Or. 536 at 545. Offenders sentenced under the guidelines systems must serve their determinate sentence and are not eligible for release on parole.

6   - OPINION AND ORDER

In other words, unlike adult offenders who committed aggravated murder after 1989, juvenile aggravated murderers who committed their offenses after 1989 were sentenced under Oregon's parole matrix scheme – a scheme that permitted them to seek release on parole. Petitioner's indeterminate sentence provided the Board with a rational basis to release him, and other juvenile aggravated murder offenders, to parole rather than to post-prison supervision. Thus, petitioner cannot show that the Board arbitrarily treated him more harshly than adult offenders when it released him to parole.

In the alternative, petitioner raises a class of one equal protection claim and argues that he is being singled out and treated differently from similarly situated adult and juvenile offenders. This claim also fails.

In upholding the Board's decision, the Oregon Court of Appeals emphasized that the Oregon Supreme Court had "revisited some of its previous opinions addressing petitioner, noting several times where the court had mentioned that petitioner, and those similarly situated to petitioner, were entitled to the possibility of *parole*." *Engweiler v. Bd*, 291 Or. App. at 357-58. In particular, the Oregon Supreme Court had explicitly stated that "it is apparent that a necessary premise of each of this court's previous decisions involving the nature of [Engweiler's] sentence and his possible release depended on the conclusion that he is serving an indeterminate life sentence subject to the possibility of parole." *Persson*, 354 Or. at 567. The Court of Appeals thus concluded: "Given the Supreme Court's explicit statement that petitioner's 'entitlement, if any, to eventual release will be to parole,' we reject petitioner's assertion that the Supreme Court's statements on the matter do not control." *Engweiler v. Bd.*, 291 Or. App. at 358 (quoting *Persson*, 354 Or. at 567).

7    - OPINION AND ORDER

Petitioner does not identify a similarly situated offender who was released to post-prison supervision after the Oregon Supreme Court specifically held that the offender's release must be to parole. Regardless, the Board's adherence to Oregon Supreme Court decisions governing petitioner's entitlement to release was a rational basis on which to deny petitioner's requested release to post-prison supervision.[2]

To the extent petitioner argues that Oregon law requires his release to post-prison supervision, this argument raises a state law issue and is not appropriate for federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (federal habeas relief is not available to remedy alleged errors of state law). Petitioner is not entitled to federal habeas relief.

## CONCLUSION

The Second Amended Petition for Writ of Habeas Corpus (ECF No. 31) is DENIED. Petitioner's Motion for Leave to File Supplemental Arguments (ECF No. 53) is DENIED. A Certificate of Appealability is DENIED as petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 16th day of October, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge

---

[2] For this reason, evidence regarding the release status of Shane Sopher, a juvenile aggravated murder offender, is irrelevant, and petitioner's Motion for Leave to File Supplemental Arguments is denied.

8    - OPINION AND ORDER